## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Guy E. Bailey

October 24, 1991

Case No. F-91-3112

By JUDGE ROBERT L. HARRIS, SR.

The defendant, Guy E. Bailey, is before the court on an indictment alleging that he did, on July 6, 1991, have in his possession cocaine with intent to distribute. On September 19, 1991, testimony was heard on defendant's Motion to Suppress Evidence seized during a search of his person and property. Defendant contends that Officer T. M. Arthur did not have probable cause to search and seize the defendant's garment bag which contained the cocaine.

On July 6, 1991, defendant was a passenger in an automobile which was stopped by Officer Arthur for having expired license plates. When Officer Arthur asked the driver for his operator's license, the driver first replied that he had lost it. Officer Arthur then asked the driver to get out of the auto. Once the driver stepped out of the car, he told Officer Arthur his operator's license had been suspended. The driver was then arrested for driving after his operator's license had been suspended.

Following the driver's arrest, Officer A. D. Rucker arrived on the scene. Upon looking into the automobile, Officer Rucker saw an empty gun box labeled .25 caliber semi-automatic pistol lying on the rear seat. Officer Rucker then alerted Officer Arthur of the possibility of the presence of a weapon.

The testimony of Officer Arthur, Officer Rucker, and the defendant differed as to where the garment bag was prior to being searched. Officer Arthur stated that the garment bag was draped across the defendant's lap prior to being searched. However, defendant stated that he had placed the garment bag on the floor of the automobile and gotten out of the automobile while Officer Arthur was escorting the driver to his squad car. Once the defendant was outside of the automobile, Officer Arthur patted him down. Likewise, both officers testified that, when moved, the garment bag spewed forth a white powdery substance.

Defendant contends that his garment bag was not susceptible to a search because it was not part of the automobile. The automobile exception was first extended to closed containers located within vehicles in *United States v. Ross*, 456 U.S. 798 (1983). In *Ross*, the court stated, if probable cause justified the search of a lawfully stopped vehicle, it justified the search of every part of the vehicle and any of its contents that may have concealed the object of the search. *Ross*, 456 U.S. at 825.

Officer Rucker's actions were in accord with *Ross*. Arthur had a valid reason to stop the vehicle, the expiration date of the license tags had passed, and he had reason to believe a weapon was concealed in the car. Further, applying the court's decision in *New York v. Belton*, once Officer Arthur took the driver into full custodial arrest, he could, as a contemporaneous incident of that arrest, search the passenger compartment of the car. *New York v. Belton*, 453 U.S. 454, 460 (1981). It follows from this conclusion that Officer Arthur could also examine any containers found within the passenger compartment. *Belton*, 453 U.S. at 460.

Recently, the Supreme Court further clarified the rules governing automobile searches. In *California v. Acevedo*, the court determined that the police may search an automobile and the containers within it where there is probable cause to believe contraband or evidence is contained. *California v. Acevedo*, 111 S. Ct. 1982, 1991 (1991). It is not necessary to determine whether probable cause extends to the vehicle as a whole or instead to particular containers.

In the case at hand, the officers had probable cause to search the vehicle. The driver of the vehicle was operating on a suspended license, the driver was carrying a large amount of cash, and an empty gun box was lying in the rear seat of the automobile. The officers had reason to fear for their safety and probable cause to search the vehicle. In addition, the search was made incident to a lawful arrest.

Thus, Officer Arthur's search of the defendant's garment bag fits within the confines set forth by the court in *Acevedo* and its predecessors. From this it follows that defendant's Motion to Suppress Evidence must be denied.